Dear Mr. Hall:
You have requested an opinion of the Attorney General regarding the charging of fees to individuals for the use of emergency medical service provided by Fire Protection District No. 3 of St. Tammany Parish ("District"). You indicated that the District has been providing limited ambulance service in the past and intends to begin providing emergency medical service. You also noted that on April 15, 2000, the voters of the District approved the following proposition:
 "Shall Fire Protection District No. 3 of the Parish of St. Tammany, State of Louisiana (the "District"), levy a special tax of ten (10) mills on all property subject to taxation in the District for a period of ten (10) years, commencing with the year 2000 and ending with the year 2009, for the purpose of acquiring, constructing, improving, maintaining and operating fire protection and emergency medical service facilities, vehicles and equipment, including both movable and immovable property, to be used by the district in providing fire protection and emergency medical service?"
You stated that as legal counsel for the St. Tammany Parish Council, you have been asked to determine whether or not the District has the legal authority to charge a fee to any individual who uses the emergency medical service.
In answer to your question, this office is aware of no legal authority for the District to charge a fee to individuals who use the emergency medical service. R.S. 40:1501 provides with respect to the powers of the District, in pertinent part, as follows:
 A. (1) Notwithstanding any other provision of law, the governing authority of a fire protection district may submit to the electors of the district a proposition to levy ad valorem taxes for any of the following purposes: acquiring, constructing, improving, maintaining or operating fire protection or emergency medical service facilities, vehicles, and equipment, including both movable and immovable property, that are to be used by the district directly or indirectly to provide fire protection or emergency medical service, as defined in Paragraph (3) of this Subsection. The specific purposes of any such tax, as well as the rate and duration of the tax, shall be as determined by the governing authority of the district and specified in the proposition. Any facilities, vehicles, and equipment, whether movable or immovable, that are used directly or indirectly to provide fire protection or emergency medical service shall be deemed to be works of public improvement within the meaning of Article VI, Section 32 of the Constitution of Louisiana. The cost of maintaining or operating facilities, vehicles, and equipment shall include, without limitation, salaries and benefits of fire district personnel, the cost of obtaining water, communication, equipment, uniforms and other materials and supplies, the cost of fire hydrant rentals and service, the cost of fuel, insurance and maintenance for vehicles and equipment, the cost of insurance, utilities, upkeep of buildings and grounds, and all other maintenance and operating costs necessary to carry out the public purposes for which fire protection districts are created.
 (2) Notwithstanding any other law to the contrary, the fire protection district may provide emergency medical service itself. Any district which provides such service shall have all authority granted to ambulance service districts by R.S. 33:9053 et seq. and any other provision of law.
 (3) For purposes of this Subsection "emergency medical service" shall mean emergency medical services provided by fire protection districts.
 (4) The Legislature of Louisiana recognizes that providing fire protection and emergency medical service by fire protection districts is a governmental purpose essential to the public health, safety and protection of citizens and property in the state. Accordingly, the provisions of this Section shall be construed liberally in order to allow fire protection districts the broadest discretion in determining the appropriate uses for their funds subject to any express constitutional limitations.
As can be seen from the above, R.S. 40:1501 does not grant the District the authority to charge a fee to individuals who use the emergency medical service. The statute does grant the District all authority granted to ambulance service districts by R.S.33:9053 et seq. and any other provision of law. However, these statutory provisions do not specifically grant an ambulance service district the authority to charge a fee to individual users.
Accordingly, it is the opinion of this office that there is no legal authority authorizing Fire Protection District No. 3 of St. Tammany Parish to charge a fee to any individual for the use of emergency medical service.
Should you have any additional questions concerning these matters, please do not hesitate to contact us.
With kindest regards, I am
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ______________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF/KLR;mjb